IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., etc., et al.; | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 06 C 2464 |
| v. | ) ) | Judge David H. Coar |
| GENERAL PLUMBING, INC., an Illinois corporation, | ) ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) | |

PLAINTIFFS' PETITION FOR SUPPLEMENTAL JUDGMENT
FOR ATTORNEYS' FEES AND COSTS

Plaintiffs, James T. Sullivan, not individually but as Trustee of Plumbers' Pension Fund, Local 130, U.A., etc., et al., by their attorneys, John W. Loseman, Douglas A. Lindsay, and Lisa M. Simioni, with LEWIS, OVERBECK & FURMAN, LLP, of counsel, petition the Court to enter a supplemental judgment in favor of Plaintiffs and against Defendant, General Plumbing, Inc., for attorneys' fees and costs that Plaintiffs incurred in opposing Defendant's effort to vacate the judgment that the Court entered on June 15, 2006. In support hereof, Plaintiffs state:

I.  Initial Judgment

Plaintiffs brought this action under ERISA, 29 U.S.C. §§1132 and 1145, and LMRA, 29 U.S.C. §185, to confirm and enforce a labor arbitration award that had been entered in favor of Plaintiffs and against Defendant, to recover delinquencies revealed by a compliance audit report, and to recover other amounts including interest and attorneys' fees and costs. *Complaint,* Doc. No. 1.

On June 15, 2006, the Court entered judgment in favor of Plaintiffs and against Defendant in the amount of $163,486.90, which judgment included Plaintiffs' attorneys' fees and costs through that date. *Judgment*, Doc. No. 13.

II.  Defendant's Motion to Vacate

Defendant subsequently moved pursuant to Fed.R.Civ.Pro. 60(b)(1) to vacate the judgment dated June 15, 2006. *Motion to Vacate*, Doc. No. 16.

The parties proceeded to fully brief Defendant's motion to vacate. Along with their response, Plaintiffs moved to strike certain affidavits and statements that Defendants filed in support of their motion to vacate. *Motions to Strike*, Doc. Nos. 29, 31, 33. The Court (J. Valdez, presiding) held hearings on Defendant's and Plaintiffs' motions. Defendant filed a revised supporting affidavit. *Amended Declaration*, Doc. No. 36.

On March 31, 2007, the Court issued a Memorandum Opinion and Order denying Defendant's motion to vacate the judgment. *Memorandum Opinion and Order*, Doc. No. 39.

III.  The Arbitration Award and the CBA Require
      Defendant to Reimburse Plaintiffs' Fees and Costs

The arbitration Decision & Award included as Exhibit B to the Complaint specifically requires Defendant to pay and reimburse the Trustees of the Funds all costs, fees and expenses incurred by them in enforcing the Decision and Award, including but not limited to audit fees, attorneys' fees and court costs. *Decision and Award at Complaint, Exh. B, p.2*, Doc. No. 1.

Further, the Collective Bargaining Agreement included as Exhibit A to the Complaint specifically requires Defendant to reimburse the Trustees of various Funds for all costs incurred, including but not limited to legal, audit and court fees, in order to enforce collection of the monies due. *CBA at Complaint, Exh. A, p.51*, Doc. No. 1.

2

Plaintiffs' response in opposition to Defendant's effort to vacate the June 15, 2006, judgment enforcing the arbitration award and awarding contributions to Plaintiffs was necessary and reasonable to enforce the arbitration award and to collect unpaid contributions and other amounts. Defendant's motion to vacate compelled Plaintiffs to take such action and incur the resulting fees and costs. The terms of the arbitration Decision & Award and the Collective Bargaining Agreement, which provides remedies in addition to and not in lieu of ERISA (discussed below), require the entry of judgment in favor of Plaintiffs and against Defendant for the fees and costs that Plaintiffs incurred in the course of such proceedings.

IV.  <u>ERISA Requires Defendant to Reimburse Plaintiffs' Fees and Costs</u>

ERISA, 29 U.S.C. §1145, requires employers who are obligated by the terms of a multiemployer plan or a collective bargaining to make contributions in accordance with the terms of the plan or the collective bargaining agreement. ERISA, 29 U.S.C. §1132(g)(2)(D) mandates that employers reimburse plans for the reasonable attorneys' fees and costs that plans incur in enforcing such contributions, stating in pertinent part:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>    (A)   the unpaid contributions,
>    (B)   interest on the unpaid contributions,
>    (C)   An amount equal to the greater of --
>        (i)   interest on the unpaid contributions, or
>        (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>    (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>    (E)   such other legal or equitable relief as the court deems appropriate.

> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

ERISA, 29 U.S.C. §1132(g)(2).

The Supreme Court has established that an award under §1132(g)(2) is mandatory. *Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547, 108 S. Ct. 830 (1988). And the Seventh Circuit has established that an award of reasonable attorneys' fees under this section is nondiscretionary. *Plumbers' Pension Fund v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1271 (7th Cir. 1985).

To enforce the arbitration award and to obtain the additional contributions that Defendant owed, Plaintiffs were compelled to respond to Defendant's effort to vacate the June 15, 2006, judgment enforcing the arbitration award and awarding additional contributions and amounts to Plaintiffs. Section 1132(g)(2) mandates that the Court award to Plaintiffs the reasonable fees and costs that Plaintiffs incurred in the course of such proceedings.

V.  <u>Additional Attorneys' Fees and Costs</u>

As reflected in the Affidavit of John W. Loseman and the true and correct copies of itemized attorney time entries included therewith, Plaintiffs' attorneys' fees and costs for the period from June 16, 2006, through May 31, 2007, total $19,162.12. *Affidavit of John W. Loseman,* attached as Exh. A.

Counsel for Defendant has reviewed the time records of Plaintiffs' counsel and has no objection to the amount of Plaintiffs' attorneys' fees and costs.

WHEREFORE, Plaintiffs, James T. Sullivan, not individually but as Trustee of Plumbers' Pension Fund, Local 130, U.A., etc., et al., request that the Court enter supplemental

4

judgment for additional attorneys' fees and costs in favor of Plaintiffs and against Defendant, General Plumbing, Inc., in the amount of $19,162.12, covering the period from June 17, 2006, through May 31, 2007.

        JAMES T. SULLIVAN, not individually but as a Trustee of Plumbers' Pension Fund, Local 130, U.A., etc., et al., by their attorneys, John W. Loseman, Douglas A. Lindsay, and Lisa M. Simioni

        By:  /s/ John W. Loseman
            John W. Loseman
            LEWIS, OVERBECK & FURMAN, LLP
            20 N. Clark Street
            Suite 3200
            Chicago, IL  60602-5093
            312.580.1258

Of Counsel:
LEWIS, OVERBECK & FURMAN, LLP
20 N. Clark Street
Suite 3200
Chicago, IL  60602-5093
312.580.1200

## CERTIFICATE OF SERVICE

John W. Loseman, an attorney, certifies that service of a copy of the foregoing Petition for Supplemental Judgment for Attorneys' Fees and Costs was made on the following person(s):

>Ronald J. Kramer, Esq.
>*(rkramer@seyfarth.com)*
>Colin M. Connor, Esq.
>*(cconnor@seyfarth.com)*
>Seyfarth Shaw LLP
>131 S. Dearborn Street
>Suite 2400
>Chicago, IL 60603-5577

via the electronic filing (ECF) system of the United States District Court for the Northern District of Illinois, as a result of electronic filing made this 29th day of June, 2007.

/s/ John W. Loseman